IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Philip Ramsey; Erika Ramsey, | ) | Case No. 1:25-cv-12899-JDA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Midwest Goods, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Midwest Goods, Inc. ("Midwest")'s motion to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 7.] The motion is fully briefed [*see* Docs. 8; 9] and ripe for review.

## BACKGROUND

Plaintiffs filed the instant action in the Aiken County Court of Common Pleas on September 19, 2025. [Doc. 1-1.] On October 9, 2025, Defendant removed the action to this Court on the basis of diversity jurisdiction. [Doc. 1.] Plaintiffs filed an Amended Complaint on October 27, 2025, alleging Plaintiff Philip Ramsey suffered physical injury and disfigurement when a lithium-ion battery in his vaping device (the "subject battery") exploded in his pocket. [Doc. 5 ¶¶ 13–21.]

Plaintiff's' injuries occurred on or about February 12, 2022. [*Id.*] On March 21, 2022, Plaintiffs filed suit in the Aiken County Court of Common Pleas against I Vapor & Tobacco, Inc. ("I Vapor"), the entity operating the retail store where Philip Ramsey purchased the subject battery. [*Id.* ¶¶ 22–23.] Subsequently, Plaintiffs named as

additional defendants (1) I Vapor's registered agent, (2) a South Carolina entity with a similarly named registered agent operating a business in the same trade, and (3) the named tenant on I Vapor's lease (collectively, the "I Vapor Defendants"). [*Id.* ¶¶ 27–40.] Neither I Vapor nor any of the other I Vapor Defendants timely appeared. [*Id.* ¶¶ 25, 33, 39.] Accordingly, the I Vapor Defendants were entered into default [*id.* ¶¶ 26, 35, 40], and on May 30, 2025, a special referee entered judgment in Plaintiffs' favor [*Id.* ¶ 46].

On August 21, 2025, counsel for the I Vapor Defendants made an appearance and moved to set aside the default judgment. [*Id.* ¶ 48.] Subsequently, Plaintiffs asked the I Vapor Defendants to identify the name of their lithium-ion battery supplier(s) and/or distributor(s). [*Id.* ¶ 49.] On September 8, 2025, Plaintiffs were informed that Midwest was the I Vapor Defendants' exclusive supplier of lithium-ion batteries, including the subject battery, during the relevant time period. [*Id.* ¶ 50.]

Plaintiffs filed the instant action on September 19, 2025. [Doc. 1-1.] Prior to discovering Midwest's identity, Plaintiffs had allegedly never heard of or had any interaction with Midwest, as the subject battery bore only a "Golisi" brand name. [Doc. 5 ¶¶ 54–56; *see also id.* ¶ 9.]

On June 26, 2023, Midwest filed a motion to dismiss Plaintiffs' Amended Complaint. [Doc. 7.] Midwest argues that Plaintiffs filed the instant action seven months after the applicable three-year statute of limitations expired. [*Id.* at 3.] To this end, Midwest claims "Plaintiffs' representation to this Court that 'Plaintiffs had never heard of or had any interaction with [Midwest] at any point in time' is misleading" because Plaintiffs hired experienced counsel that "has sued Midwest numerous times over the last three years and is . . . aware that Midwest is a large distributor of vaping products." [*Id.*]

Midwest further suggests that "Plaintiffs' counsel could have issued a deposition to the largest four or five vaping distributors in the United States . . . to determine if any of them supplied products to I Vapor." [*Id.* at 5.]

In response, Plaintiffs argue (1) Midwest does not attack the sufficiency of Plaintiffs' allegations; (2) Plaintiffs have sufficiently stated a basis for equitable tolling of the statute of limitations; (3) Midwest's factual arguments are premature and meritless; (4) and the issue of equitable tolling should be decided after the benefit of discovery. [Doc. 8 at 11–16.]

For the reasons stated herein, the Court agrees with Plaintiffs and denies Midwest's motion.

## **APPLICABLE LAW**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the [petition] in a light most favorable to the [petitioner]." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the [petition's] allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the [respondent] fair notice of what the . . . claim is and the grounds upon which it rests." While a [petition] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [petitioner's] obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the [petition] are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more ... than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the [petitioner] pleads factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that

4

are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). Accordingly, the plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible the petitioner is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## **DISCUSSION**

"State law claims pursued in federal court are subject to the state's relevant statute of limitations and to the state's corresponding rules regarding commencement of an action." *Wider v. Isuzu, Inc.,* No. 3:06-1103-CMC, 2006 WL 1488836, at *1 (D.S.C. May 24, 2006); *see also McCall v. Williams,* 52 F. Supp. 2d 611, 616 n.5 (4th Cir. 1999) ("[W]hen a state law claim is in federal court because of diversity of citizenship . . ., state law on the commencement of actions applies."). In the present personal-injury suit, South Carolina's three-year statute of limitations governs. *See* S.C. Code § 15-3-530(5). The limitations period "begins to run when a person *could* or *should have known*, through the exercise of reasonable diligence, that a cause of action might exist . . . ." *Burgess v. Am. Cancer Soc'y, S.C. Div., Inc.,* 386 S.E.2d 798, 800 (S.C. Ct. App. 1989).

Likewise, state law governs whether a plaintiff may invoke equitable tolling. *See Wade v. Danek Med., Inc.,* 182 F.3d 281, 289 (4th Cir. 1999) ("[I]n any case in which a state statute of limitations applies—whether because it is 'borrowed' in a federal question action or because it applies under *Erie* in a diversity action—the state's accompanying rule regarding equitable tolling should also apply."). "Equitable tolling is a nonstatutory tolling theory which suspends a limitations period." *Hooper v. Ebenezer Sr. Servs. &*

5

*Rehab. Ctr.*, 687 S.E.2d 29, 32 (S.C. 2009) (internal quotation marks omitted). "The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other."[1] *Id.* at 33 (internal quotation marks omitted). "The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use." *Id.* at 32.

A plaintiff's failure to comply with the applicable statute of limitations is an affirmative defense. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) ("Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, and the burden of establishing the affirmative defense rests on the defendant.") (citation omitted). Accordingly, a court should not address a defendant's statute-of-limitations defense at the motion-to-dismiss stage unless "facts sufficient to rule on [the defense] are alleged in the complaint." *See id.*; *see also Gidron v. United States,* 9:20-cv-3539-MBS, 2021 WL 3711099, at *2 (D.S.C. Aug. 10, 2021) ("A statute of limitations defense is rarely appropriately raised on a Rule 12(b)(6) motion . . . ."). Likewise, a court should not dismiss a complaint as time-barred where the

---

[1] In *Hooper*, the court cited a series of cases in which "jurisdictions . . . considered tolling in a variety of contexts and . . . developed differing parameters for its application." *Hooper*, 687 S.E.2d at 33. In one such case, the Supreme Court of Alaska observed that "[f]ederal precedent equitably tolls the limitations period . . . where the plaintiff, by exercising reasonable diligence, could not have discovered essential information bearing on his or her claim." *Abbott v. State,* 979 P.2d 994, 998 (Alaska 1999); *see also Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 452 (7th Cir. 1990) (For equitable tolling—as opposed to equitable estoppel, which requires a plaintiff to show that the defendant attempted to mislead him—"all [a plaintiff] need show is that he could not by the exercise of reasonable diligence have discovered essential information bearing on his claim." (emphasis omitted)).

plaintiff alleges facts that "support a plausible argument for equitable tolling." *Hill v. Carvana*, No. 1:22-CV-37, 2022 WL 1604126, at *3 (M.D.N.C. Apr. 5, 2022); *see Blackburn v. A.C. Israel Enters.*, No. 3:22-cv-146 (DJN), 2023 WL 4710884, at *10 (E.D. Va. July 24, 2023) (holding that, although the claims were clearly filed outside of the limitations period, the court would not dismiss the claims at the motion-to-dismiss stage "[b]ecause the [a]mended [c]omplaint allege[d] facts sufficient to show that an equitable tolling doctrine may apply to toll the . . . statute of limitations").

Here, Plaintiffs do not dispute that they filed suit after the three-year statute of limitations expired. [*See* Doc. 8 at 11 ("Plaintiffs filed this action outside of the three-year statute of limitation provided by S.C. Code § 15-3-530(5).").] That said, Plaintiffs argue that they have alleged facts supporting a plausible argument for equitable tolling. [*See id.* at 11–13.] Specifically, Plaintiffs have alleged the following facts:

- Plaintiffs filed suit against I Vapor within five weeks of injury. [Doc. 5 ¶ 23.]

- Plaintiffs used subpoena power to identify store owners. [*Id.* ¶¶ 27–28.]

- Plaintiffs amended their complaint three times to add defendants as they were identified. [*Id.* ¶¶ 31, 37.]

- Plaintiffs sent investigators and process servers to the store. [*Id.* ¶ 34.]

- Upon the I Vapor Defendants' appearance, Plaintiffs immediately requested supplier information. [*Id.* ¶ 49.]

- Within 11 days of learning Midwest's identity, Plaintiffs filed suit. [*Id.* ¶¶ 51, 69.]

[Doc. 8 at 12–13.]

In addition, Plaintiffs have alleged that they "had never heard of or had any interaction with [Midwest]" prior to learning its identity and that the subject battery bore no reference to Midwest. [Doc. 5 ¶¶ 54–56.]

7

Finally, Plaintiffs have alleged that "Midwest's business model made discovery of its involvement inherently impossible" because "Midwest sells only to wholesale customers, not consumers"; "Midwest's website requires login credentials available only to wholesale customers"; "[the subject battery] contained no Midwest branding or reference"; and "Midwest deliberately avoids putting its name on its products." [*Id.* at 13 (citing [Doc. 5 ¶¶ 56, 57, 58, 63]).]

These allegations appear sufficient to allege an entitlement to equitable tolling at this early stage in the litigation.[2]   Accordingly, Midwest's arguments regarding equitable tolling are premature, and its motion to dismiss is denied.

---

[2] This Order does not definitively resolve the issue of equitable tolling.  Rather, the Court "finds that adjudication of the equitable tolling . . . issue presented here is better rendered after the parties have developed a factual record."  *Gidron*, 2021 WL 3711099, at *3.  That is, the Court "is not prepared to find on the briefing before it that the interests of justice compel extending the statutory deadline," as "a Rule 12(b)(6) motion provides an insufficient opportunity for Plaintiff[s] to establish the facts necessary to invoke the doctrine."  *Id.*; *see also Goodman,* 494 F.3d at 466 n.2 ("We resolve the limitations issue only as a pleading matter, holding that a Rule 12(b)(6) motion to dismiss cannot in this case dispose of the limitations issue. We do not dispose of the limitations question on the merits, as that requires further proceedings.").  Moreover, Plaintiffs have specifically requested discovery on the issue of equitable tolling.  [*See* Doc. 8 at 16 ("The reasonableness of [P]laintiffs' diligence and the extraordinary circumstances preventing timely filing are fact-specific inquiries that should be resolved only after the benefit of discovery.").]

Because Plaintiffs concede that their suit is not timely [*id.* at 11], the burden will be on Plaintiffs "to establish sufficient facts to justify application of the equitable tolling doctrine."  *Gidron*, 2021 WL 3711099, at *3.  That said, Plaintiffs need not prove that Midwest actively prevented Plaintiffs from learning its identity or otherwise misled them, as Midwest appears to argue.  [*See* Doc. 9 at 1 ("[W]hen equitable tolling was allowed, some action on the part of the defendant that prevented the plaintiff from learning the identity of the defendant was present.")]; *Magnolia N. Prop. Owners' Ass'n, Inc. v. Heritage Cmtys., Inc.*, 725 S.E.2d 112, 125 (S.C. Ct. App. 2012) ("Unlike equitable estoppel, equitable tolling does not require a showing that the defendant has made a misrepresentation to the plaintiff." (citing *Hooper*, 687 S.E.2d at 32)).

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss [Doc. 7] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

June 1, 2026
Columbia, South Carolina